# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30855
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELTON RAY JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CR-333-1

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM:*

Elton Ray Jones appeals his conviction of attempting to entice a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b).  On September 11, 2012, Jones contacted a detective with the Louisiana State Police who was posing as a 14-year old girl named Jenny Dupre in an Internet chatroom.  The chat conversations eventually led to an attempted meeting between Jones and Jenny.  Jones was arrested and subsequently charged.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30855

Prior to trial, the Government filed a notice of intent to offer at trial, pursuant to Federal Rule of Evidence 404(b), evidence that at the same time Jones was engaged in the charged conduct involving Jenny, he was engaged in similar conduct involving another purported minor, Ashton Thibodaux, who was in fact a detective with the Kenner Police Department.

Jones challenges the sufficiency of the evidence, contending that there was insufficient evidence that he believed Jenny to be a minor under the age of 18. Jones also argues that the district court erred by admitting evidence of the uncharged conduct involving Ashton Thibodaux. He asserts that the evidence related to Ashton was not relevant to the charged offense and that the evidence was more prejudicial than probative.

Because Jones properly preserved his challenge to the sufficiency of the evidence by moving for a judgment of acquittal after the close of all evidence, the district court's denial of his motion for judgment of acquittal is reviewed de novo. *United States v. Harris*, 740 F.3d 956, 962 (5th Cir.), *cert. denied*, 135 S. Ct. 54 (2014). In reviewing the evidence, this court will examine "all evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Lewis*, 774 F.3d 837, 841 (5th Cir. 2014) (internal quotation marks and citation omitted).

Jones's challenge to the sufficiency of the evidence is unavailing. From the evidence offered at trial, the jury could have inferred that Jones was aware that he was communicating with a minor under the age of 18. In an early

online chat, Jenny identified herself as a 14-year old female in Lafayette. Throughout the chat logs, Jenny repeatedly and consistently referenced her mother, her homework and schooling, and her fear that she "might get in trouble" for talking to him. Jones acknowledged these facts by asking Jenny what time her mother got home from work to coordinate their meeting. Jones expressed concern that Jenny's mother might discover their proposed meeting. Jones reassured Jenny that she would not get in trouble if they "were careful" and told no one of their plans.

The content of the chat logs, including a clear statement from Jenny regarding her age, repeated references to homeschooling, homework, and her mother provided the jury with more than sufficient evidence to find that Jones believed Jenny to be under the age of 18. *See United States v. Lundy*, 676 F.3d 444, 450 (5th Cir. 2012). Certainly a rational jury could have discredited Jones's explanation that he believed Jenny to be over the age of 18, especially in light of the repeated references to Jenny's mother by both chat participants, as well as the frequent expressions by both of them that they should take steps to ensure they were not discovered. *See United States v. Flores-Chapa*, 48 F.3d 156, 161 (5th Cir. 1995) ("Juries are free to use their common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence."). Jones's construction of the evidence, that he believed Jenny to be an adult, is one that the jury was entitled to reject. *See Lewis*, 774 F.3d at 841.

Jones also contests the admission of evidence related to online chat conversations with Ashton Thibodaux. We find it unnecessary to resolve whether this evidence was erroneously admitted pursuant to Rule 404(b), because we conclude that any error in admitting this evidence was harmless.

No. 14-30855

When a jury hears information unfairly prejudicial to a defendant, "[r]eversal is not required unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction." *United States v. Flores*, 640 F.3d 638, 643 (5th Cir. 2011) (internal quotation marks and citation omitted). When other evidence of guilt is overwhelming, and the error does not substantially influence the jury's verdict, the error is harmless. *United States v. Hawley*, 516 F.3d 264, 268 (5th Cir. 2008). Here, the Government presented evidence that Jenny identified herself as a 14-year old girl and repeatedly and consistently maintained that she was homeschooled by her mother and that she "might get in trouble" for talking with Jones, facts which Jones acknowledged throughout the chat logs. What is more, as Jones admits in his brief, the evidence related to Ashton was relatively benign—the conversations did not proceed beyond simple conversation and did not contain any sexually explicit communication. Given the overwhelming nature of the evidence as it related to the charged offense, even assuming error in the admission of the Rule 404(b) evidence, the error was harmless. *See Hawley*, 516 F.3d at 268. In addition, the benign nature of the Ashton evidence, as compared to the evidence related to the charged offense, belies any concern that it had an effect on the jury's verdict. *See United States v. Gutierrez-Mendez*, 752 F.3d 418, 427 (5th Cir.), *cert. denied*, 135 S. Ct. 298 (2014).

The judgment of the district court is AFFIRMED.